THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, *v.* DEMPSTER C. AUSTIN, APPELLANT.

*Court of Special Sessions — it does not possess exclusive jurisdiction over persons accused of diluting milk in violation of chapter 183 of 1885.*

The defendant being arraigned in the Special Sessions, upon the charge of having violated section 3 of chapter 183 of the Laws of 1885, in respect to diluted milk, pleaded not guilty, waived a preliminary examination and offered to give bail for appearance before the next grand jury of Jefferson county. The defendant's offer being overruled he demanded a jury, which was summoned, a trial had and a verdict of guilty rendered

*Held,* that section 14 of chapter 183 of 1885 did not confer exclusive jurisdiction upon the Courts of Special Sessions of the cases enumerated in the statute, and that, because the Court of Special Sessions refused the defendant the opportunity to give bail and thus secure a trial after an indictment, an error was committed which required that the verdict appealed from be set aside.

That section 56 of the Code of Criminal Procedure did not apply, as this offense was not one of those enumerated in that section

APPEAL from a judgment of affirmance, pronounced by the Court. of Sessions of Jefferson county, of a conviction and judgment rendered in a Court of Special Sessions in that county.

The defendant was charged with a violation of section 3 of chapter 183 of the Laws of 1885, in respect to diluted milk. That section provides, viz. : " Whoever violates the provisions of this section shall be guilty of a misdemeanor, and shall be punished for each offense by a fine of not less than twenty-five dollars or more than two hundred dollars, or not less than one month or more than six months' imprisonment, or both such fine and imprisonment."

After the prisoner was arraigned in the Special Sessions he pleaded not guilty, and the return shows, viz. : " Defendant waives preliminary examination and offers to give bail for appearance. at next grand jury of Jefferson county." (Defendant's offer overruled.) Thereafter the defendant demanded a jury, which was summoned and a trial had, and a verdict of guilty rendered. It was claimed by the defendant that the evidence was insufficient to warrant a conviction, inasmuch as the principal testimony furnished against him consisted of certain tests made by the lactometer.

*Thomas F. Kearns,* for the appellant.

*F. H. Peck,* district attorney, for the respondent.

HARDIN, P. J. :

Article 6 of the Constitution of the State of New York, section 26, contains the following provision : " Courts of Special Sessions shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law."

After the adoption of that section the legislature passed chapter 390 of the Laws of 1879, which provided, viz. : " Courts of Special Sessions * * * shall, in addition to the powers now possessed by them, have also exclusive jurisdiction in the first instance to hear and determine the following cases : " Then the statute contains six enumerations of offenses. Shortly, thereafter, a controversy arose. in the courts as to whether the statute was constitutional or not. Its validity has been sustained. (*Devine* v. *The People,* 20 Hun, 98 ; *The People ex rel. Comaford* v. *Dutcher,* Id., 241 ; *The People ex rel. Stetzer* v. *Rawson,* 61 Barb., 619 ; *The People ex rel. Murray*

v. *Justices*, 74 N. Y., 406: *The People ex rel. Comaford* v. *Dutcher*, 83 id., 240.) When the Code of Criminal Procedure was passed it was provided in section 56, viz.: "Subject to the power of removal provided for in this chapter, Courts of Special Sessions, except in the city and county of New York and the city of Albany, have, in the first instance, exclusive jurisdiction to hear and determine charges of misdemeanors committed within their respective counties as follows:" Then follows an enumeration of thirty-three different offenses embraced in the section.

Section 57 of the Code of Criminal Procedure provides a method for obtaining a certificate from a county judge or a justice of the Supreme Court " that it is reasonable that such charge be prosecuted by indictment." And section 59 declares, viz.: "A Court of Special Sessions, having jurisdiction in the place where any of the crimes specified in section fifty-six is committed, has jurisdiction to try and determine a complaint for such crime, and to impose the punishment prescribed upon conviction, unless the defendant obtains the certificate and gives the bail mentioned in section fifty-seven."

In chapter 7 of the Code of Criminal Procedure, which relates to the examination of the case and discharging the defendant or holding him to answer, is found section 211, where it is provided that, viz.: " If the crime with which the defendant is charged be one triable, as hereinbefore provided, by a Court of Special Sessions of the county in which the same was committed, the magistrate, before holding the defendant to answer, must inform him of his right to be tried by a jury after indictment, and must ask him how he will be tried. If the defendant shall require to be tried by a jury after indictment, he can only be held to answer to a court having authority to inquire, by the intervention of a grand jury, into offenses triable in the county. If he shall not so require, he may be held to answer at the Court of Special Sessions."

This last section seems to have been adopted for the purpose of preserving a practice which prevailed prior to the adoption of the Code of Criminal Procedure. (*The People* v. *Putnam*, 3 Park., 386; *Hill* v. *The People*, 20 N. Y., 363.) In the case in hand the defendant did not elect to be tried in a Court of Special Sessions, but, on the contrary, he made a request that he be permitted to give bail, which request the magistrate overruled, and compelled

the defendant to go to trial in a Court of Special Sessions, dealing with the offense of which he is charged as though the offense was enumerated in section 56 of the Code of Criminal Procedure. As already observed, the offense charged against the defendant is not found among the enumerations contained in section 56 of the Code of Criminal Procedure.

When we turn to the statute of 1885, declaring the offense against adulteration of milk, as already stated, we find a declaration in section 3 of chapter 183 of the Laws of 1885, that every offender against its provisions shall be guilty of a misdemeanor; and in section 14 of that act jurisdiction is conferred upon Courts of Special Sessions in the following language, viz.: " Section 14. Courts of Special Sessions shall have jurisdiction of all cases arising under this act, and their jurisdiction is hereby extended so as to enable them to enforce the penalties imposed by any or all sections thereof."

It is observable that the language just quoted does not confer upon such courts " exclusive jurisdiction." The argument addressed to us by the learned district attorney, in behalf of the respondent, refers to the words " all cases arising under this act," and asks us to construe them as indicating a legislative intent to confer the exclusive jurisdiction upon such courts. We are unable to assent to the argument. The chapter from which the quotation has been made declares ten different offenses, and provides that a violation of any of the ten different provisions of the statute shall be a misdemeanor.

We think the legislature intended to confer upon the Courts of Special Sessions jurisdiction for " all cases arising under this act," but we see no words that clearly evince an intent or warrant an inference that it was the intent of the legislature to confer exclusive jurisdiction upon the Courts of Special Sessions of the cases enumerated in the statute. The language of the statute ought not to be extended by construction.

When the legislature shall declare that such courts have exclusive jurisdiction of all cases arising under the act of 1885, it will be timely for magistrates holding Courts of Special Sessions to assert an exclusive jurisdiction and to deprive a citizen of the right to give bail. (State Const., art. 1, § 2; *Wynehamer* v. *The People* 13 N. Y., 378; *Hill* v. *The People*, 20 id., 363.)

Because the Court of Special Sessions refused the defendant the

opportunity to give bail, and thus secure a trial after an indictment, we think an error was committed, which requires a reversal of the judgment appealed from.

FOLLETT and MARTIN, JJ., concurred.

Conviction and judgment of the Court of Special Sessions and of the Court of Sessions reversed, and the prisoner discharged.