THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
            *v*. ALBERT HARRIS, Appellant.

*Supreme Court, Fourth Department, General Term, December 7, 1889.*

1. *Indictment. Dairy law.*—An indictment, which charges the defendant
   with bringing to a certain cheese factory named therein milk diluted
   with water, and selling the same to individuals named therein, contrary
   to the provisions of the statute, complies with the requirements of sec-
   tions 275 and 276 of the Code of Criminal Procedure.
2. *Same.*—Such indictment charges but one offense.
3. *Same. Jurisdiction.*—The court of oyer and terminer has jurisdiction
   over such offenses.
4. *Statutes. Repeal.*—Chapter 202 of 1884 was not repealed by chapter 183
   of 1885.

Appeal from a judgment of the Otsego oyer and terminer
convicting defendant of the crime of watering milk in viola-
tion of chap. 202, Laws 1884.

*E. M. Harris*, for appellant.

*Chas. T. Brewer*, for respondent.

MARTIN, J.—The defendant was indicted for the crime of
watering milk in violation of § 3 of chapter 202, Laws of
1884, which provides : " No person or persons shall sell,
supply or bring to be manufactured to any butter or cheese
manufactory any milk diluted with water.   *   *   *   Who-
ever violates the provisions of this section shall be guilty of a
misdemeanor, and shall be punished for each offense by a fine
of not less than twenty-five or more than two hundred dollars,
or not less than one or more than six months, imprison-
ment, or both such fine and imprisonment." The indictment
also charged that on the 3d and 4th days of August, 1884, at
the town of New Lisbon, the defendant did bring and carry
to a certain cheese manufactory in Garrettsville, in said

town, for the purpose of being manufactured into butter and cheese a large quantity of milk diluted with water; that the milk so diluted was sold to a firm consisting of Henry Gilbert and C. P. Root; that the defendant delivered water in his milk as aforesaid for the purpose and intent of cheating and defrauding said Gilbert and Root, the purchasers thereof, against the peace of the people of this state, and contrary to the provisions of chapter 202 of the Laws of 1884, and more particularly of § 3 of the said statute.

To this indictment the defendant demurred, on the grounds:

" 1. The indictment does not conform substantially to the requirements of §§ 275 and 276 of the Code of Criminal Procedure, in that said indictment does not contain a plain and concise statement of an act constituting the crime charged, nor does it state the name of the crime charged, nor of any crime or misdemeanor.

" 2. More than one crime is charged in the indictment.

" 3. That the facts stated do not constitute a crime.

" 4. The court has no jurisdiction over the subject of the indictment."

The defendant's demurrer was overruled, and an interlocutory judgment was entered overruling such demurrer.

The defendant then pleaded not guilty. The indictment was subsequently brought to trial at a court of oyer and terminer, held in and for the county of Otsego, and the defendant was convicted and sentenced to pay a fine of $100, and to stand committed to the Otsego county jail until the fine was paid, not exceeding one day for each one dollar of the fine.

On the trial the defendant moved to quash the indictment and that the proceedings be dismissed and the defendant discharged on the ground that the court of oyer and terminer or the court of sessions had not jurisdiction of the offense alleged in the indictment; also that the act under which the indictment was found was repealed by chapter 183

of the Laws of 1885 ; and that the grand jury presenting the indictment had no jurisdiction to present it. This motion was also denied.

At the close of the evidence the defendant moved for his discharge, and that the jury be directed to render a verdict of acquittal, upon the grounds':

1. That the people had failed to prove the defendant guilty of the crime charged in the indictment.

2. That there was not sufficient proof of the delivery by the defendant of any milk diluted with water to the cheese manufactory mentioned in the indictment, nor that the defendant ever sold, supplied, or brought to be manufactured to any butter or cheese manufactory any milk diluted with water.

3. That there was not sufficient proof to authorize a conviction that the milk claimed to have been diluted with water had been sold to a firm consisting of Henry Gilbert and C. P. Root as charged in the indictment or otherwise, or that defendant did bring or carry such milk to the cheese manufactory mentioned in the indictment for the purpose of being manufactured into butter or cheese or for any other purpose.

4. That the grand jury by which the indictment was presented had no jurisdiction to inquire into or present the same and that this court has no jurisdiction to try the same, or the offense alleged in the indictment.

5. That the act, chap. 202 of the Laws of 1884, and particularly § 3 of said act, under which this indictment purports to be found, is repealed by chap. 183 of the Laws of 1885, and no trial or conviction can be had under such repealed statute.

6. That the object of the act, the conditions, elements, and the penalties for the offense have been so changed and increased since the offense is alleged to have been committed and the indictment presented that no prosecution or conviction can be had therefore under the indictment or under the act of 1884.

7. That no prosecution or conviction under chap. 202 of the Laws of 1884 can be had except in the manner, in the court and by the authorities specifically mentioned therein; that it does not appear that the district attorney of Otsego county has, or ever had, any authority to prosecute the defendant for the offense in question from the state dairy commissioner, who under the direction of the govenor, is alone charged with the duty of prosecuting all offenses under said act. This motion was denied.

On the coming in of the verdict, and when the defendant was called for judgment, the defendant, by his counsel, moved that no judgment be rendered on the verdict of guilty against the defendant, and that judgment be arrested on the grounds and because:

1. That the court had and has not jurisdiction over the subject of the indictment.

2. That the facts stated in the indictment do not constitute a crime.

3. That there is not evidence sufficient to warrant a verdict of guilty against the defendant; that there is a failure of proof on the part of the people as to essential elements of the crime charged.

4. And upon each and all of the grounds stated upon motion to direct acquittal of defendant and for his discharge made at the close of the evidence. This motion was also denied.

The defendant now contends that the court erred in overruling his demurrer, and insists that no crime was charged in the indictment; that more than one offense was charged therein; that the facts stated in the indictment do not constitute a crime; and that the courts had no jurisdiction over the subject of the indictment.

An examination of the indictment in this case, and of the statute under which it was found, discloses quite clearly, we think, that the indictment sufficiently charged a crime under the statute. The statute makes it a misdemeanor to sell,

supply or bring to be manufactured to any butter or cheese manufactory any milk diluted with water. The indictment charged that the defendant brought to a certain cheese factory named and described therein milk diluted with water, and that he sold the same to the individuals named in the indictment, contrary to the provisions of said statute. We think the indictment fulfills the requirements of §§ 275 and 276 of the Code of Criminal Procedure, and sufficiently charged a crime under the statute.

It is, however, said that more than one offense is charged in the indictment, and hence is in contravention of §§ 278 and 279 of the Code of Criminal Procedure, and consequently invalid. We think otherwise. The indictment alleges but a single transaction. It is true that it alleges that it took place on the 3d and 4th days of August, 1884, but there is but one sale or bringing to the cheese manufactory alleged, and but one quantity of milk diluted with water alleged to have been delivered. Moreover, § 280 of the Code of Crimminal Procedure provides that "the precise time at which the crime was committed need not be stated in the indictment but it may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient of the crime." We think that but one offense was charged in this indictment, and that it was not obnoxious to the provisions of §§ 278 and 279 of the Code of Criminal Procedure.

We are also of the opinion that the court had jurisdiction over the subject matter of the indictment. This court had occasion to examine a similar question in the case of the People *v.* Austin, 49 Hun, 396. In that case the question was whether courts of special sessions were given exclusive jurisdiction of the offenses mentioned in chapter 183 of the Laws of 1885. Section 14 of that act provides : " Courts of special sessions shall have jurisdiction of all cases arising under this act, and their jurisdiction is hereby extended so as to enable them to enforce the penalties

imposed by any or all sections thereof." It was held that that section did not confer exclusive jurisdiction upon courts of special sessions of the cases enumerated in the statute, and that the defendant had the right to give bail and thus secure a trial after indictment. In the case at bar the statute relied upon as conferring exclusive jurisdiction upon courts of special sessions is practically the same as the statute under consideration in the Austin case. Indeed, they are precisely alike, except that the word "hereof" is used in the statute of 1884, while in the statute of 1885 the word "thereof" is used instead. We can see no distinction between the two statutes, nor between the questions involved in the two cases, and therefore conclude, as we did in the Austin case, that the court of sessions or court of oyer and terminer had jurisdiction of the subject matter of the indictment in this case.

The defendant also contends that chapter 202 of the Laws of 1884 was repealed by chapter 183 of the Laws of 1885. An examination of the title of chapter 183 of the Laws of 1885 shows that the legislature declared the act of 1885 to be supplementary to and in aid of chapter 202 of the Laws of 1884, thus evincing clearly, we think, an intention on the part of the legislature not to repeal the act of 1884. Moreover, the act of 1885 contains a repealing act by which several statutes were repealed, but the act of 1884 is not mentioned therein. There is no claim of any express repeal of this statute. The defendant's claim is that it was repealed by implication. We think not. The act itself not only fails to show any facts which would justify us in holding that it was repealed by implication, but it shows quite clearly that it was the intent of the legislature that it should not be repealed.

We have examined the other exceptions taken by the defendant, but have found none that would justify a reversal of the judgment appealed from. Code Crim. Pro., § 764.

Judgment affirmed, and the clerk directed to enter judgment and remit a certified copy thereof with the return and decision of this court to the court of oyer and terminer of

Otsego county, pursuant to §§ 547 and 548 of the Code of Criminal Procedure.

HARDIN, P. J., and MERWIN, J., concur.

---

## NOTE ON "DUPLICITY IN INDICTMENT."

As to when an indictment containing several counts is not demurrable, see People *v.* Rose, 52 Hun, 33.

Acts constituting different crimes, may be charged in separate counts. People *v.* Crotty, 55 Hun, 611.

Counts, charging offenses relating to one and the same transaction, or intending to charge but one offense, may be embraced in the same indictment. People *v.* Rose, 39 N. Y. St. Rep. 291.

Different crimes, relating to the same transaction, may be charged in separate counts in the same indictment. People *v.* Emerson, 53 Hun, 437.

An indictment for a misdemeanor, for selling diluted milk for the purpose of having it manufactured into butter and cheese, is not subject to the objection that more than one offense is charged. People *v.* Harris, 123 N. Y. 70.

An indictment charging one crime in different counts, as having been committed in a different manner or by different means, is not demurrable under § 279 of the Criminal Code. People *v.* Rice, 35 N. Y. St. Rep. 185 ; 128 N. Y. 649. So an indictment, which contains the title of the action, specifying the name of the court to which the indictment was presented, and which states the facts constituting the crime, is not demurrable for failure to conform to §§ 275, 276 of the Crim. Code. Id.

An indictment charging, in several counts, the defendant with : (1) keeping a room to be used for gambling purposes ; (2) selling lottery policies, and (3) selling papers or writing in the nature of bets and wagers upon the drawing of numbers of a lottery, was held, on demurrer, not to charge more than one crime, within the meaning of §§ 278, 279 of the Criminal Code. People *v.* Emerson, 25 N. Y. St. Rep. 466.

An indictment, which contains two counts, the first one charging the defendant with selling liquors in quantities less than five gallons without a license: and the second charging him at the same time and place with selling to the same person liquors to be drank on the premises without having a license therefor, was held to charge but one act and to be valid under § 279 of the Crim. Code. People *v.* Charbineau, 115 N. Y. 433.

Where there is a general verdict and the sentence is single and appropriate to either of the counts upon which the conviction was had, the joinder of several distinct misdemeanors in the same indictment is not a cause for the reversal of the judgment. People *v.* Budd, 117 N. Y. 1.

An objection to the improper joinder of two crimes in one count in an

indictment is waived by the failure of the defendant to demur to it on that ground.   People *v.* Tower, 63 Hun, 624.

See further, People *v.* Burns, 53 Hun, 274; People *v.* Smith, 6 N. Y. Cr. 470; People *v.* Emerson, 53 Hun, 437 ; People *v.* Court, etc., 13 Hun, 395 ; Polinsky *v.* People, 73 N. Y. 65 ; Taylor *v.* People, 12 Hun, 212 ; Hawker *v.* People, 75 N. Y. 485 ; People *v.* Callahan, 29 Hun, 580 ; People *v.* Infield, 1 N. Y. Crim. 146 ; People *v.* Dunn, 90 N. Y. 104 ; Bork *v.* People, 91 Id. 5; Armstrong *v.* People, 70 Id. 38; People *v.* Satterlee, 5 Hun, 167.