THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NELLIE COWIE, Appellant.

*Common prostitute — definition of — triable only by a Court of Special Sessions — sufficiency of the proof thereof — right to have the case presented to the grand jury — right to an adjournment — when the right is not waived.*

There is no such crime, under the Code of Criminal Procedure, as that of being a common prostitute, the offense being treated in the Code only as an evidence of the crime of vagrancy.

The crime exists under and is named in section 8 of " An act to provide for the establishment of a house of refuge for women," being chapter 187 of the Laws of 1881, as amended by section 1 of chapter 17 of the Laws of 1887.

The fact that a woman is a common prostitute at the time when the warrant is issued is sufficiently made out by proof of her improper and lascivious conduct.

The crime of being a common prostitute is, under the provisions of said acts of 1881 and 1887, and subdivision 36 of section 56 of the Code of Criminal Procedure, triable only in a Court of Special Sessions, except where the case is, pursuant to section 57 of said Code, certified to the grand jury.

When a person is brought before a magistrate charged with a crime, triable only by the magistrate sitting as a Court of Special Sessions, and asks that her case be presented to the grand jury, she has, under section 58 of said Code, an absolute right to an adjournment to enable her to procure a judge's certificate that it is reasonable that the charge be prosecuted by indictment.

The refusal of a magistrate, sitting as a Court of Special Sessions, to grant an adjournment under such circumstances is erroneous and may be reviewed on appeal.

The defendant's right to such an adjournment is not waived by her having pre-
viously appeared and pleaded to the merits and demanded a jury trial, when it
is shown that before any further step was taken in the trial by jury the defend-
ant withdrew her demand for such a trial and asked that her case be presented
to the grand jury

APPEAL by the defendant, Nellie Cowie, from a judgment of the
Court of Sessions of Franklin county, rendered on the 8th day of
December, 1894, affirming a judgment of conviction and sentence of
the defendant rendered by a police justice of Malone village, and
also from an order of said Court of Sessions made on the 4th day of
December, 1894, upon which order the judgment of the Court of
Sessions was entered.

*Charles A. Burke,* for the appellant.

*Frederick G. Paddock, District Attorney,* for the respondent.

MAYHAM, P. J.:

The defendant, appellant, was arrested upon a warrant issued by a
police magistrate of the village of Malone on an information filed
with such magistrate and sworn to on the 14th of September, 1894,
of which the following is a copy:

"STATE OF NEW YORK, ⎫
*County of Franklin, Village of Malone,* ⎬ *ss.:*

" Be it remembered, that I, J. J. Flynn, residing in the village of
Malone, county of Franklin, N. Y., now come before O. C. Earle,
Esq., a police justice of the village of Malone, in the county of
Franklin, and give information under oath as follows, upon infor-
mation and belief: That one Nellie Cowie, on the 1 day of Sep-
tember, 1894, at the village of Malone, in the town of Malone,
county of Franklin, N. Y., at about 8 o'clock in the afternoon of
said day, did commit the crime of being a common prostitute,
against the person or property of the People of the State of New
York by, on or about Aug. 15, 1894, having unlawful sexual
intercourse with one Philip Goosha, and receiving pay therefor,
and with divers and sundry persons prior and subsequent thereto,
whose names are to deponent unknown, wherefore your informant
prays that the depositions of this informant and John Mahaney,
Philip Goosha, W. A. Fobear, witness may be reduced to writing
and duly subscribed, and that a warrant issue for the arrest of said

accused, and that she be dealt with pursuant to the provisions of the Code of Criminal Procedure."

This information was duly verified, and on the 15th day of September, 1894, a warrant was issued thereon, reciting the accusation in the following words:

" Information upon oath having been this day laid before me that the crime of being a common prostitute has been committed, and accusing Nellie Doyle, *nee* Cowie, thereof."

It is insisted that the information in the case was insufficient to give the justice authority to issue his warrant, as it does not state a crime known to the law as defined and regulated by the Code of Criminal Procedure.

This contention would be sound within the case of *People v. Olmsted* (74 Hun, 323) if the authority of the magistrate and the character of the crime charged were solely derived from the provisions of the Code of Criminal Procedure. Under its provisions common prostitution seems to be treated only as evidence of vagrancy, which is a crime, and in that case only when the accused has no lawful employment whereby to maintain herself. (Code Crim. Proc. § 887, subd. 4.) But while the Code of Criminal Procedure governs the method of proceedings in an action of this character, the provisions of section 8 of chapter 187 of the Laws of 1881, as amended by section 1 of chapter 17 of the Laws of 1887, prescribes the nature and name of the offenses punishable by confinement in the " house of refuge for women," and among them is embraced " common prostitutes."

The information in this case in terms charged that offense, and was, we think, sufficient to give the justice jurisdiction.

Having jurisdiction the examination of the complainant's witnesses disclosed facts sufficient to authorize the issuing of the warrant.

If it be assumed, as claimed by the appellant, that to make a defendant amenable to the charge of being a " common prostitute " she must maintain that character at the time of the prosecution, still that fact may be established by proof of improper and lascivious conduct immediately before the prosecution. The case in that respect is unlike that of public intoxication under the statute, when the accused must be found and arrested in a public place in a state of intoxication.

The most serious question in the case raised by this appeal is whether the justice should not have allowed the defendant an adjournment to enable her to apply to a judge for a certificate that it was reasonable that the charge be presented to the grand jury under the provisions of section 57 of the Code of Criminal Procedure.

As section 8 of chapter 187 of the Laws of 1881, as amended by section 1 of chapter 17 of the Laws of 1887, confers jurisdiction on police magistrates in this class of cases, and as that is a special statute, it seems to follow that its provisions come within the language of subdivision 36 of section 56 of the Code of Criminal Procedure, and is one of the cases triable exclusively before the magistrate as a Court of Special Sessions unless the same is certified to the grand jury, unless the defendant waived that right by appearing and pleading to the merits and calling for a jury trial.

The record discloses that on the fifteenth of September the defendant was brought before the justice and by special counsel moved for her discharge "on the grounds that the affidavits or information does not state facts sufficient to state the crime charged, or any other crime. 2. The information charges the defendant with the crime of being a common prostitute, and there is no such offense known to the Code of Criminal Procedure or the Penal Code of this State, or no such crime defined in law, and for that reason the information does not charge a crime under the statute.

" Motion denied, defendant pleads not guilty and demands an examination. Court rules that defendant is not entitled to an examination. Defendant called for jury trial.

" The defendant's counsel states he withdraws his request for a jury trial. The People object to the withdrawal of the demand of defendant for a jury trial, and insist that defendant, having elected to have a jury trial in this case, cannot now withdraw such election, and the People have a right to try the case by a jury.

" Court refuses to allow the request to be withdrawn. Defendant states or asks that her case be presented to the grand jury, and the proceedings be adjourned for not less than five or more than ten days to enable the defendant to procure and file with the court ' a certificate' that it is reasonable that this charge be prosecuted by indictment, as prescribed in sec. 57 of the Code of Criminal Procedure.

" People object that the crime charged here is not enumerated in section 56 of the Code of Criminal Procedure, and that she is not, therefore, entitled to the adjournment provided for in section 58 of the Code of Criminal Procedure. Motion denied.

" Defendant then states they demand a jury trial. Granted."

The case shows that a venire was issued, a jury procured, and the hearing of the case adjourned from time to time until the twenty-seventh of September, then instant, when the case was tried before a jury, who rendered a verdict of guilty, upon which the defendant was, by warrant of the justice, committed to the House of Refuge for Women for a term of five years, unless sooner discharged by the board of managers.

If we are right in holding that this complaint was triable in the first instance exclusively by a Court of Special Sessions, under the provisions of section 56 of the Code of Criminal Procedure, then it was error, we think, to refuse an adjournment on the application of the defendant to enable her to apply for a judge's certificate allowing the presentation of the matter to the grand jury. The record shows that no step had been taken in the case after the demand for a jury trial, before a request to withdraw that demand was made by the defendant.

The right of the defendant, under section 58 of the Code of Criminal Procedure, to have time to make that application is a legal right, guaranteed by statute, and not one resting in the discretion of the justice, and when the defendant complies with the requirements of the statute in making the demand, it is error in the magistrate to refuse, which may be reviewed on appeal.

But if this case was one triable before the magistrate as such, and not before a Court of Special Sessions, then it was error to try it before a jury, and the trial and conviction by the jury gave the justice no right to pronounce judgment and issue his warrant for committal of the defendant.

In either aspect of this case, we think the conviction erroneous. The judgment of conviction must be reversed.

PUTNAM and HERRICK, JJ., concurred in result.

Judgment of conviction reversed.