## PEOPLE v. FREILEWEH.

(Supreme Court, Appellate Division, Third Department. December 2, 1896.)

SPECIAL SESSIONS—RIGHT OF REMOVAL—WAIVER.

> The right of defendant, in a court of special sessions, to ask that his case be presented to the grand jury (Code Cr. Proc. § 57), of which right section 58 provides that he shall be informed by the magistrate when brought before him, is not waived by his pleading not guilty, and obtaining two adjournments, the second on condition that he waive a jury, the magistrate not having informed him of his right.

Appeal from Ulster county court.

Frederick W. Freileweh was convicted by the court of special sessions, held by the recorder of the city of Kingston, of selling beer without a license, in violation of Laws 1892, c. 401, § 31, and from a judgment of the county court affirming the same, he appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Linson & Van Buren, for appellant.
Charles F. Cantine, Dist. Atty., for the People.

LANDON, J. The court of special sessions had jurisdiction to hear and determine the offense charged (Code Cr. Proc. § 56, subd. 32), subject to the provisions of sections 57 and 58. These provisions give to the defendant the right to ask that his case be presented to the grand jury, and prescribe the practice upon such request, and proceedings under them may result in ousting the special sessions of jurisdiction. Section 58 provides:

> "When the defendant is brought before the magistrate it shall be the duty of the magistrate to inform him of his rights under section 57, and this section."

The return states that, when the defendant was arraigned, he was "informed by the court of his legal rights, excepting that the

defendant was not informed of his rights under sections 57 and 58 of the Code of Criminal Procedure." The defendant pleaded not guilty, and at his request the case was adjourned to December 26, 1895, at 2 p. m. The defendant appeared upon the adjourned day, and asked a further adjournment in order that his counsel might be present. Defendant stated that he had consulted counsel, who could not attend that day. The attorney representing the people at first opposed the adjournment, but finally "stated to the court that he would consent to another adjournment provided the defendant would now waive his right to a jury trial, and would be ready for trial upon the adjourned day. At the defendant's request the case was adjourned to December 30, 1895, 2 p. m." On the last adjourned day the defendant appeared with his counsel, and asked that his case be presented to the grand jury, and asked for an adjournment under section 58 of the Code of Criminal Procedure. The return states: "Request denied at this stage of the proceedings. Defendant excepts." The trial proceeded, and defendant was convicted.

We do not think the defendant waived his right to ask that his case be presented to the grand jury. The right is a substantial one, and does not rest in the discretion of the magistrate. People v. Cowie, 88 Hun, 498, 34 N. Y. Supp. 888. To withhold the information which the statute commands the magistrate to give to the defendant, and then enforce a waiver of his rights implied from his acts while still kept in ignorance of them, is unjust. People v. McGann, 43 Hun, 55, is cited. In that case the return is silent upon the question here presented, and, as the point was not presented in the affidavit, to the matters in which the magistrate was required to make return, no error in this respect could be presumed. What the learned court there said in regard to the provision being directory, and not mandatory, was no doubt proper in its application to that case. It is not applicable here.

The judgments of the county court and of the court of special sessions are, and each is, reversed. All concur.