## PEOPLE v. BARRY.

(Supreme Court, Appellate Division, Fourth Department. April 10, 1897.)

CRIMINAL LAW—MISDEMEANOR—RIGHT TO PROSECUTION BY INDICTMENT.

The minutes of a magistrate contained the following recitals: Defendant "was informed by me of his right to counsel, witnesses, and a trial by jury. Defendant asked for time to procure counsel and witnesses, and pleads 'Not guilty.' Adjourned at the request of defendant until the 8th day of January, 1896, at 11 o'clock a. m. January 8, 1896, * * * asked for a further adjournment, not exceeding 10 days, for the purpose of making application to the county judge to appear before the grand jury. The court declines to adjourn the case. Defendant objects to the jurisdiction of the court for the following reasons, namely, that the defendant has not been allowed sufficient time by an adjournment to get leave to have his case presented to the grand jury. Objection overruled." *Held*, that defendant was not accorded the privilege given him by Code Cr. Proc. §§ 57, 58, which provide that, at the request of defendant, certain misdemeanors, of which courts of special session have jurisdiction, may be prosecuted by indictment, and that when a person is brought before a magistrate in such case the magistrate shall inform him of his rights, and, if he asks that his case be presented to the grand jury, the proceedings shall be adjourned for not less than 5 nor more than 10 days.

Appeal from Ontario county court.

William Barry was convicted of assault and battery in the third degree, and appeals. Reversed.

January 6, 1896, the defendant was arrested, and taken before A. Dunham, a justice of the peace of the town of Manchester, charged with the crime of assault and battery in the third degree; and in the justice's minutes it is stated that the defendant "was informed by me of his right to counsel, witnesses, and a trial by jury. Defendant asked for time to procure counsel and witnesses, and pleads not guilty. Adjourned, at the request of defendant, until the 8th day of January, 1896, at 11 o'clock a. m. January 8, 1896, defendant in court, in charge of L. Aldrich, constable. Defendant, through his counsel, asked for a further adjournment, not exceeding ten days, for the purpose of making application to the county judge to appear before the grand jury. The court declines to adjourn the case. Defendant objects to the jurisdiction of the court for the following reasons, viz.: That the defendant has not been allowed sufficient time by an adjournment to get leave to have his case presented to the grand jury. Objection overruled." The justice returns that, "after hearing the evidence, the defendant was found guilty as charged; and it is adjudged that he be imprisoned in the penitentiary of Monroe county for the period of ninety days." On the 17th of January, 1896, the county judge allowed an appeal to the county court, and an affidavit was presented to him stating the errors claimed. See People v. Jewett, 69 Hun, 550, 23 N. Y. Supp. 942. Apparently, after hearing that appeal, the judgment of the justice was affirmed, as appears by an indorsement upon the return in the following words and figures: "Appeal affirmed Feby. 25th, 1896. J. H. Metcalf, Ontario County Judge." No formal judgment of affirmance appears in the record before us. The defendant, however, in his notice of appeal to this court, states that he "appeals to the appellate division of the supreme court from the judgment of conviction rendered against him in this court on the 25th day of February, 1896." On the 14th of March, 1896, the county judge of Ontario county granted a certificate, in which he stated, viz. "that, in my opinion, there is reasonable doubt whether said judgment should stand."

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Ellis & Griffith, for appellant.

Royal R. Scott, Dist. Atty., for the People.

HARDIN, P. J.    Assault in the third degree is one of the crimes enumerated in section 56 of the Code of Criminal Procedure, which section declares that, subject to the power of removal, courts of special sessions have, in the first instance, exclusive jurisdiction to hear and determine charges of misdemeanors.

Section 58 of the Code of Criminal Procedure provides, viz.:

"When a person is brought before a magistrate charged with the commission of any of the crimes mentioned in section 56, and asks that his case be presented to the grand jury, the proceedings shall be adjourned for not less than five nor more than ten days."

That section further provides, viz.:

"And when the defendant is brought before the magistrate, it shall be the duty of the magistrate to inform him of his rights under section 57 and this section."

It is very obvious that upon the 6th of January, when the defendant was brought before the justice, he failed to comply with the provisions of section 58, just quoted; and it is inferable that the defendant, in ignorance of his rights, permitted an adjournment to take place to the 8th day of January, 1896, at which time he appeared with counsel, and demanded the privilege secured to him by section 57 of applying to a county judge or a justice of the supreme court for a certificate that it was reasonable that the action should be prosecuted by indictment.    His application on the 8th was refused.    It is presumable that had he been informed on the 6th of his rights, in accordance with the duty imposed on the justice by section 58, he would have availed himself of the right to apply to a county judge or a justice of the supreme court for a certificate.    When the legislature provided for exclusive jurisdiction in a court of special sessions of certain crimes, it was careful to provide that opportunity should be allowed to apply to a judge of a court of record for a certificate that the exigencies of the case were such that the usual mode of trial should be through the instrumentality of an indictment; and a part of that provision was the enactment of the language found in section 58 of the Code of Criminal Procedure, expressly declaring it to be "the duty of the magistrate to inform him [the defendant] of his rights" under section 57, which latter section provides that, upon filing a certificate of the county judge or a justice of the supreme court "that it is reasonable that such charge be presented by indictment," and upon giving the bail mentioned in that section, "all proceedings before the magistrate shall be stayed."    It is quite evident from the justice's return that, had he performed the duty imposed upon him by section 58 at the time the defendant was brought before him, an application would have been made to the county judge or a justice of the supreme court for a certificate.    If the justice, on the adjourned day, had yielded to the request of the defendant, and granted the adjournment then sought, and thus afforded the defendant an opportunity to apply for a certificate, the defendant would have enjoyed all the rights secured to him by the two sections referred to.    But the justice, having failed to do his duty under section 58, by refusing the adjournment requested, sought to visit upon the defendant

consequences which the defendant had never intelligently and understandingly assumed.

Section 211 of the Code of Criminal Procedure provides as follows:

"If the crime with which the defendant is charged be one triable, as hereinbefore provided, by a court of special sessions of the county in which the same was committed, the magistrate, before holding the defendant to answer, must inform him of his right to be tried by a jury after indictment, and must ask him how he will be tried."

In the course of the opinion delivered in People v. Austin, 49 Hun, 396, 3 N. Y. Supp. 578, it was said, in reference to the section just quoted, viz.:

"This last section seems to have been adopted for the purpose of preserving a practice which prevailed prior to the adoption of the Code of Criminal Procedure."

The legislation conferring upon courts of special sessions exclusive jurisdiction was challenged at one time as being unconstitutional, and in the course of the opinion in People v. Austin, supra, it was said, "Its validity has been sustained;" and numerous cases are cited in support of that conclusion. We think the privileges secured to a defendant should be carefully preserved, and that the justice, under the circumstances of the case as developed by the record before us, deprived the defendant of an important right, and that the practice ought not to be sustained. People v. Freileweh, 11 App. Div. 409, 42 N. Y. Supp. 373.

In People v. Cowie, 88 Hun, 502, 34 N. Y. Supp. 888, it was said in the course of the opinion, viz.:

"The right of the defendant, under section 58 of the Code of Criminal Procedure, to have time to make that application, is a legal right, guarantied by statute, and not one resting in the discretion of the justice; and, when the defendant complies with the requirements of the statute in making the demand, it is error in the magistrate to refuse, which may be reviewed on appeal."

We are of the opinion that the judgment of the county court and of the court of special sessions should be reversed.

Judgment of the county court of Ontario county and of the court of special sessions reversed, and the defendant discharged. All concur.