(69 Hun, 130.)

PEOPLE v. PARKER.

(Supreme Court, General Term, Second Department. May 8, 1893.)

1. ASSAULT IN THIRD DEGREE—CRIMINAL COMPLAINT

A complaint charging defendant with "an assault and battery in the third degree," and stating the facts constituting the offense, is not defective, though Pen. Code, § 219, names the offense as "assault in the third degree;" the words "and battery" being mere surplusage.

2. CRIMINAL LAW—REMOVAL FROM MAGISTRATE'S COURT.

Code Crim. Proc. §§ 57, 58, providing that when a defendant is brought before a magistrate before whom a criminal charge is pending against him he shall inform defendant, before proceeding with the trial, that on his filing a certificate of a judge that it is reasonable that such charge be prosecuted by indictment, and on defendant's giving bail, all proceedings before the justice shall be stayed, is merely directory,

and a failure to give such notice will be presumed to be an oversight, and will not operate to reverse a conviction, where it does not appear that the magistrate willfully deprived defendant of his rights.

Appeal from court of sessions, Queens county.

Orla W. Parker was convicted in the court of special sessions of assault and battery, and from a judgment of the court of sessions affirming the judgment of conviction he appeals.    Affirmed.

The following opinion was delivered by County Judge Garretson in the court of sessions:

The affidavit upon which the appeal was allowed is very diffuse and general in its nature, and fails to set forth concisely and specifically the alleged grounds of error upon which the appellant asks for a reversal of the judgment. We have heretofore had occasion to lay down the practice in this regard, that by conforming thereto an appellant's rights might be more intelligently presented and passed upon, and much labor saved the appellate court. The affidavit must state the facts showing the alleged errors in the proceedings or conviction complained of. Code Crim. Proc. § 751. If the appeal is allowed, the magistrate must make a return to all matters stated in the affidavit. Id. § 756. The affidavit and return make up a sort of bill of exceptions, which state only so much of the proceedings as are necessary to give point to the alleged errors stated in the affidavit. Only the alleged errors thus set forth can be considered on the appeal. People v. Beatty, 39 Hun, 476. We will consider, however, such alleged grounds of error as are discussed in the brief of the counsel for appellant, herewith submitted, which will enable us to dispose of the only points necessary to a complete determination of the appeal.

The appellant was convicted in a court of special sessions, held by the police justice of the village of Sea Cliff, of an assault in the third degree. It is urged that the police justice was without jurisdiction, and not authorized to hold a court of special sessions. The contention is not well founded. The village of Sea Cliff is a municipal corporation, organized under the general law for the incorporation of villages, (Laws 1870, c. 291, as amended.) The police justice was elected thereunder, and is given the same power and jurisdiction within the corporate limits in criminal cases which justices of the peace have conferred upon them by law, (Id. tit. 3, § 17, as amended by Laws 1871, c. 688,) and may hold a court of special sessions, (Laws 1875, c. 514, § 2, as amended by Laws 1876, c. 308.) It appears from the return that the appellant was convicted of "assault and battery in the third degree," and this is presented as an alleged ground of error, because there is no such offense designated by law.[1] The offense is sufficiently designated. It was formerly known as "assault and battery." The words "and battery" may, if necessary, be regarded as mere surplusage. A warrant of commitment which shows a conviction of an assault and battery is a sufficient statement of a conviction of assault in the third degree. In re Gray, 2 N. Y. Crim. R. 302. See, also, People v. Maschke, Id. 306, note.

The appellant also alleges that he was not called upon to plead. While the return of the magistrate does not seem to show a formal plea, yet it will be conclusively presumed that such a plea was made by the appellant, in view of the fact that testimony was given by both the people and appellant, and a formal trial had. However, this is not set forth as a ground of error in the affidavit on appeal, and is, therefore, not available here.

It is also contended that the magistrate failed to inform the appellant of his right to apply for a certificate that the case be tried after indictment by a grand jury under sections 57, 58, Code Crim. Proc. It has been held that the requirement of such notice is only directory, and that a failure to give it is not a jurisdictional defect which calls for a reversal of a conviction.

---

[1] Pen. Code, § 219, declares that "a person who commits an assault, or an assault and battery, not such as is specified in the foregoing sections of this chapter, is guilty of assault in the third degree."

People v. McGann, 43 Hun, 55. Had the magistrate willfully deprived the appellant of the right when the latter demanded it, the case would have been different, as we have recently held in People v. Ansched, (MS. opinion filed January 4, 1892.)[2] In the case at bar we assume the failure to notify the appellant of this right to have been an unintentional oversight on the part of the magistrate.

Several adjournments were had upon the appellant's application, and upon one of these occasions the appellant paid to the magistrate $11; $10 of which was to pay the counsel for the people, and $1 for the fare of the complaining witness to and from New York. The complaining witness was represented by private counsel, who acted in behalf of the people, and, so far as appears, without the knowledge or consent of the district attorney, who was not in attendance in person or by representative. The appellant claims that he paid this sum as a condition for the granting of the adjournment, while the magistrate, by his return, says that no such condition was imposed; that the counsel for the complainant demanded it, and the appellant conceded the demand. While this incident cannot but merit the disapprobation of the court as wrong in practice, and wholly unprecedented, yet it does not call for a reversal of the conviction, for the reason that no right of the appellant, essential to a fair and impartial trial under the law, was prejudiced thereby.

The appellant also alleges that there is no testimony that the offense was committed within the corporate limits of the village of Sea Cliff. An examination of the return shows that this was, in fact, expressly testified to by James B. Egan, the complaining witness, and that appellant is mistaken in this regard. The testimony was properly taken in narrative form. Section 204, Code Civil Proc., requiring the testimony to be taken by question and answer, does not apply to trials in courts of special sessions. It has reference to an examination of the defendant before a magistrate upon a charge of having committed a crime. That the testimony, or a part thereof, was reduced to writing by one of the witnesses for the people does not appear to have operated to the prejudice of the appellant. The magistrate states that the minutes thus taken were correct, and were reduced to writing under his immediate supervision.

We have carefully read over and considered the entire record in this case. It embodies much that is extraneous and irrelevant. The practice does not call for the discussive comments with which it has been incumbered by the interchange of opinions between the magistrate and the appellant, and should not have formed part of it. We fail to find any error which calls for a reversal of the judgment. Upon the merits, as disclosed by the testimony, the appellant was properly convicted of an unjustifiable assault upon the complainant. We are disposed, however, to modify the sentence to imprisonment in the county jail, instead of Kings county penitentiary, for the term of three months, and, as thus modified, the judgment, upon correction, is affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

George B. Stoddart, for appellant.
John Fleming, for the People.

BARNARD, P. J. The complaint before the police justice against the defendant was good. The offense was described to be one for "maliciously and unlawfully beating" one Egan by "striking him in the head, body, and face without provocation." The name given to the offense was without any materiality. After the arrest of defendant he refused to make any plea or answer any questions. He elected to be tried by the court, and asked for an adjournment. This was granted; he, the defendant, being admitted to bail during the trial. A second adjournment was had at defendant's request,

[2] See note at end of case.

and on the 8th of July, 1891, the case was tried. There is presented by the evidence a dispute not as to the assault, but as to a provocation for one, and upon this point I think the justice found clearly according to the evidence. The assault was unprovoked, and severe, and rendered more intolerable to the complainant by a suggestion of an infamous inference which is wholly unsupported by the evidence. The proof offered at folio 55 to the belief of the defendant as to the complainant's intention was improperly rejected, but the rejected proof was subsequently admitted at folio 57. The payment of $10 for complainant's lawyer and his own expenses furnishes no reversible error. The justice had hesitated as to a further adjournment, and the defendant agreed to pay $10 for that purpose, which was delivered to the justice, and, presumably, by him paid to the private counsel of the complainant. The judgment as modified by the county judge is therefore affirmed. All concur.

### NOTE.

The opinion of County Judge Garretson in People v. Samuel H. Anschell, filed January 4, 1892, in the court of sessions, Queens county, is as follows: "The appellant was convicted in special session of an assault in the third degree, and sentenced to pay a fine of $25, or to be imprisoned in the county jail for the term of 25 days in default of payment thereof. In the affidavit upon which the appeal was allowed, three separate grounds of error are alleged as calling for a reversal of the judgment: (1) That opportunity was denied the appellant to apply to a justice of the supreme court or to the county judge for a certificate that it is reasonable that the charge be prosecuted by indictment of the grand jury, under section 57 and 58 of the Code of Criminal Procedure. (2) 'That upon the trial the people were permitted to offer and introduce illegal and improper evidence, against the exceptions and objections of the defendant; and competent and proper evidence offered by the defendant was excluded against the objection of and exception of the defendant.' (3) 'That the conviction was against the law and the facts, and against the weight of the evidence.' The return of the justice shows that the warrant was issued on July 1, 1891; that on the following day the defendant was brought before another justice than the one who issued the warrant, and gave bail to appear from time to time at the court of special sessions until judgment; that on July 10th the defendant appeared before the justice who issued the warrant, and asked by his counsel to be allowed, without pleading, sufficient time to make an application for the certificate mentioned in the first ground of alleged error above referred to. Counsel for the people objected. and insisted that the defendant be required to plead forthwith. The justice reserved his decision until the following day, when he denied the application. 'The defendant's counsel thereupon protested against the jurisdiction of the court to ask a plea, and stated that the defendant, without waiving any of his rights, entered a plea of not guilty,' and the trial proceeded. The return fails to show that the charge was read to the defendant on July 2d or upon the 10th or 11th day of that month by either magistrate. We infer, however, from the language of the defendant's motion for time to apply for the certificate without pleading, made on the 10th, that the charge was then first read to him. At no time does it appear that either magistrate informed the defendant of his rights under sections 57, 58, Code Crim. Proc., above cited. The language of these sections is very explicit, and is intended to confer a substantial right upon a defendant; a right so substantial in its nature that by section 58 it is made the duty of the magistrate to expressly inform the defendant of his right thereunder before proceeding with the case. The mode of procedure contemplates the arraignment and reading of the charge, and the communication of this information, before the defendant is required to plead. Section 58 says:

'When a person is brought before a magistrate, charged with the commission of any of the crimes mentioned in section 56, and asks that his case be presented to the grand jury, the proceedings shall be adjourned for not less than five nor more than ten days,' to enable the defendant to apply· for the certificate. For aught that the return of the justice shows, no arraignment of the defendant was had until the day when by his counsel he asked for an adjournment for this purpose, and he did not until then become aware of his rights in this regard. We are of the opinion that the magistrate erred in refusing the application; that he should have granted it as of course, without assuming to take it under advisement. It is urged by the counsel for the people that the appellant waived his right to apply for the certificate by electing to be tried in the court of special sessions. This contention, as we have observed, is not sustained by the return. He·expressly demanded his right when arraigned for the first time upon the charge, and went to trial by compulsion, and under protest. It is also urged that he had ample time to make the application after he was first brought into court on July 2d, and before arraignment. There might be some force in this contention if it appeared that he had then been arraigned, the charge read to him, and his rights made known to him, or even if he had then been present with counsel, as it does not. We are unable to consider the second alleged ground of error because of its very general and indefinite form. The affidavit on appeal must state the facts showing the alleged errors in the proceedings or conviction complained of. Code Crim. Proc. § 751. If the appeal is allowed, the magistrate must make a return to all matters stated in the affidavit. Id. § 756. The affidavit and return make up a sort of bill of exceptions, which state only so much' of the proceedings as are necessary to give point to the 'alleged error' stated in the affidavit. Only the 'alleged error' thus set forth in the affidavit can be considered on the appeal. People v. Beatty, 39 Hun, 476. In view of our conclusions upon the first ground of alleged error as above set forth, it is unnecessary to consider the third and remaining point presented by the appeal.

The judgment of conviction appealed from must be and is reversed.