THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FREDER-
ICK J. FREILEWEH, Appellant.

*Special Sessions — the right of removing case therefrom to a grand jury is a substan-*
*tial right — waiver thereof.'*

A prisoner was arraigned before a Court of Special Sessions charged with an
offense within its jurisdiction, but was not informed by the magistrate, as is
required by section 58 of the Code of Criminal Procedure, of his right to insist
upon the presentation of his case to the grand jury. He afterwards told the
court, as a condition of the district attorney's consent to an adjournment of the
hearing, asked for by the prisoner, that he waived his right to a jury trial. On
the final hearing before the Court of Special Sessions, when for the first time
counsel appeared on his behalf, the defendant asked to have his case presented
to the grand jury, but his request was denied.

*Held,* that the right of presenting his case to the grand jury was a substantial
right, which the defendant had not waived by his consent to waive a jury trial,
given without the information provided for by section 58.

APPEAL by the defendant, Frederick J. Freileweh, from a judg-
ment of the County Court of the county of Ulster, rendered on the
1st day of June, 1896, affirming a judgment of the Court of Special
Sessions held by the recorder of the city of Kingston, convicting the
defendant of a violation of section 31 of chapter 401 of the Laws of
1892, known as the Excise Law, for selling lager beer without a
license.

*Linson & Van Buren,* for the appellant.

*Charles F. Cantine, District Attorney,* for the respondent.

LANDON, J.:

The Court of Special Sessions had jurisdiction to hear and deter-
mine the offense charged (Code Crim. Proc. § 56, subd. 33), sub-
ject to the provisions of sections 57 and 58. These provisions give
to the defendant the right to ask that his case be presented to the
grand jury, and prescribe the practice upon such request, and pro-
ceedings under them may result in ousting the Special Sessions of
jurisdiction. Section 58 provides: "When the defendant is
brought before the magistrate it shall be the duty of the magistrate

to inform him of his rights under section 57 and this section" (58). The return states that when the defendant was arraigned he was "informed by the Court of his legal rights, excepting that the defendant was not informed of his rights under sections 57 and 58 of the Code of Criminal Procedure." The defendant pleaded not guilty, and at his request the case was adjourned to December 26, 1895, at two P. M. The defendant appeared upon the adjourned day and asked a further adjournment in order that his counsel might be present. The defendant stated that he had consulted counsel who could not attend that day. The attorney representing the People at first opposed the adjournment, but finally " stated to the court that he would consent to another adjournment, provided the defendant would now waive his right to a jury trial, and be ready for trial upon the adjourned day. The defendant then told the court that he waived his right to a jury trial, and would be ready for trial upon the adjourned day. At defendant's request, the case was adjourned to December 30th, 1895, 2 P. M."

On the last adjourned day the defendant appeared with his counsel and asked that his case be presented to the grand jury, and asked for an adjournment under section 58 of the Code of Criminal Procedure. The return states " Request denied at this stage of the proceedings. Defendant excepts." The trial proceeded, and the defendant was convicted.

We do not think that the defendant waived his right to ask that his case be presented to the grand jury. The right is a substantial one, and does not rest in the discretion of the magistrate. (*People* v. *Cowie*, 88 Hun, 498.)

To withhold the information which the statute commands the magistrate to give to the defendant, and then enforce a waiver of his rights implied from his acts while still kept in ignorance of them, is unjust. *People* v. *McGann* (43 Hun, 55) is cited. In that case the return is silent upon the question here presented, and, as the point was not presented in the affidavit to the matters in which the magistrate was required to make return, no error in this respect could be presumed.

What the learned court there said in regard to the provision being directory and not mandatory was no doubt proper in its application to that case. It is not applicable here.

The judgments of the County Court and of the Court of Special Sesssions are and each is reversed.

All concurred.

Judgment of County Court and the Court of Special Sessions reversed.