THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH STEPPELLO, Appellant.

Fourth Department, May 4, 1932.

*William R. Goldbas* [*D. Francis Searle* of counsel], for the appellant.

*Thomas Brown Rudd, District Attorney* [*Earle C. Bastow, Assistant District Attorney*, of counsel], for the respondent.

THOMPSON, J.  Appellant stands convicted upon an indictment charging him with the commission of a misdemeanor, to wit, keeping and maintaining a disorderly house in violation of section 1146 of the Penal Law.  The indictment was found in Supreme Court and the trial was had in County Court.  The crime is charged to have been committed in the city of Utica.  Appellant here contends that the grand jury was without jurisdiction to find, and the County Court to try, the indictment, upon the ground that the City Court of Utica has exclusive jurisdiction to try all crimes of the grade of misdemeanor committed in the city of Utica, by virtue of the provisions of chapter 103 of the Laws of 1882, as amended by chapter 588 of the Laws of 1926, constituting section 4 of the City Court Act of the city of Utica, which in part reads as follows: " * * * said City Court shall in the first instance except as hereinafter provided have exclusive jurisdiction to try and determine all complaints for misdemeanors committed in said city of Utica, * * * The defendant, charged with a misdemeanor committed within the corporate limits of the city of Utica, shall not have the right to give bail to await the action of any grand jury but said City Court shall have power in its discretion to admit any defendant charged with a misdemeanor to bail to await the action of any grand jury, * * * This section shall not be construed to abridge the powers of any grand jury in the county of Oneida to find any indictment for a misdemeanor committed in said city of Utica, or to abridge the powers of the Court of Oyer and Terminer, or Court of Sessions, in and for said county, to try any such indictment."

The crime of keeping a disorderly house is a misdemeanor punishable by imprisonment not to exceed one year or a fine not to exceed $500, or by both such imprisonment and fine.  It is not included in either section 56 or 56-a of the Code of Criminal Procedure, which prescribe the crimes of which Courts of Special Sessions shall have exclusive jurisdiction to hear and determine in the first instance. Subdivision 37 of section 56 of the Code of Criminal Procedure, which provides that Courts of Special Sessions shall have " such

other jurisdiction as is now provided by special statute or municipal ordinance authorized by statute," does not give exclusive jurisdiction of this offense to the City Court of Utica because that subdivision was in existence at the time the Utica City Court was created. If the offense was one of those intended to be covered by these sections, an indictment would be unauthorized unless a certificate that it was reasonable that the charge be prosecuted by indictment had been obtained and filed with the magistrate in pursuance to section 57 of the Code of Criminal Procedure. (*People* v. *Knatt*, 156 N. Y. 302.)

It was obviously the design of the Legislature to give to the City Court exclusive jurisdiction of all misdemeanors committed in the city of Utica over all other courts of equal grade, and exclusive jurisdiction of such misdemeanors as are authorized to be prosecuted by indictment in the Supreme and County Courts under section 22, subdivisions 1 and 2, and section 39 of the Code of Criminal Procedure, except conspiracy cases, *only when first exercised*. In the first place, we have the words of the statute expressly forbidding a construction of it to abridge the powers of any grand jury of the county to indict for a misdemeanor committed in the city of Utica, or, of courts having general jurisdiction to try indictments, to try any such indictment. That this was the intent of the Legislature also appears by the provisions of the act which deny the right of a defendant, charged with having committed a misdemeanor within the corporate limits of the city of Utica, to give bail to await the action of the grand jury, but give the City Court power, in its discretion, to admit any defendant, charged with a misdemeanor, to bail to await the action of the grand jury. In passing it should be observed that because of this statute a defendant arraigned in the City Court of Utica upon a misdemeanor charge, prosecutable by indictment, may not waive examination and give bail under section 190 of the Code of Criminal Procedure (*People ex rel. Empire Mortgage Co.* v. *Cantor*, 190 App. Div. 512, 515), but must proceed to trial, unless the City Court, in its discretion, shall send the case to the grand jury.

The meaning we ascribe to the statute further appears when we consider the use and meaning of the term " in the first instance." These words are words of limitation indicating an intent that exclusive jurisdiction may only exist where no other proceeding in the same case is pending. It must be conceded that so far as other courts not of record are concerned the City Court of Utica has exclusive jurisdiction of all misdemeanors of which Courts of Special Sessions are given jurisdiction under the provisions of the Code of Criminal Procedure. It cannot, therefore, be that the term

" in the first instance " has reference to these courts. The question then arises in what respect shall the term be considered. There is but one answer, and that is, courts in which certain misdemeanor cases can be prosecuted by indictment. In these cases if an indictment shall have been found in the first instance the City Court is, of course, without power to take the case. Equally true, if the City Court has first entertained jurisdiction, the grand jury is without authority to act, unless, as above pointed out, the City Court shall have, in its discretion, made a rule that the case be held to the grand jury, thus divesting itself of jurisdiction and conferring jurisdiction on the Supreme or County Court. (*People* v. *McCarthy*, 168 N. Y. 549, 552; *People ex rel. Moore* v. *Warden of City Prison*, 150 App. Div. 644, 649.)

For these reasons we find that the grand jury had jurisdiction to inquire into the offense charged, and to find the indictment against the defendant, and that the trial court had jurisdiction to try him upon it.

Appellant also contends that errors were committed by the trial court which deprived him of a fair trial, and that the verdict of the jury was not warranted by the evidence. We have examined the exceptions in detail and we find none that are of sufficient gravity to have affected the verdict or which require discussion. A careful reading of the record leads us to the conclusion that the testimony presented questions of fact which required the submission of defendant's guilt to the jury. Whether he committed the act, or acts, constituting the crime with which he was charged, or merely aided or abetted in the commission of such act, or acts, he was a principal. (Penal Law, § 2; *People* v. *Katz*, 209 N. Y. 311, 325.) In this view we cannot say that the verdict of the jury is not sustained by the evidence.

The judgment of conviction should be affirmed.

All concur.

Judgment of conviction affirmed.