THE PEOPLE OF THE STATE OF NEW YORK ex rel. PHINEAS A. SEAMAN, Respondent, v. HENRY K. HENDRICKSON, Sheriff of the County of Nassau, New York, Respondent; THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— The relator was indicted by the grand jury of Nassau county on March 26, 1935, for violating section 148 of the Public Welfare Law. The crime charged was a misdemeanor

and the alleged offense was committed within the incorporated village of Hempstead. Pursuant to section 182 of the Village Law, the police justice of the village was given, in the first instance, exclusive jurisdiction to hear, try and determine the charge made against the relator. The district attorney applied *ex parte* to the Supreme Court and procured an order directing that the charge in question be prosecuted by indictment. No charge had, at this time, been made to the police justice of the village. The relator was thereupon indicted by the grand jury for the crime stated. Thereupon, he procured the present writ of habeas corpus asking to be discharged under the indictment on the ground that the grand jury had no jurisdiction of the case. The Supreme Court, at Special Term, sustained the writ and discharged the relator. We are of the opinion that the order appealed from was properly made. At the time the order of the Supreme Court was procured by the district attorney, no charge had been made against the relator in the local court, and the Supreme Court had no authority to direct that the charge against the relator be prosecuted by indictment. A removal in such a case may only be made pursuant to sections 57 and 58 of the Code of Criminal Procedure. The order sustaining the writ of habeas corpus is affirmed. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.