THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH RAO and JOSEPH PATERRA, Appellants.

(Argued March 18, 1936; decided May 19, 1936.)

*James D. C. Murray* for appellants.

*William Copeland Dodge, District Attorney* (*LeRoy Mandle* of counsel), for respondent.

Hubbs, J. On an indictment charging the crime of assault, second degree, the defendants were placed on trial in the Court of General Sessions of the County of New York, before Judge Corrigan and a jury. On January 4, 1935, the jury rendered a verdict of guilty. The court set January 15th as the day for the imposition of sentence, and defendants reserved all motions until that day. Six days before the day so set for sentence, Judge Corrigan died. Thereafter the District Attorney moved for judgment before Judge Nott, presiding in the Court of General Sessions, Part II. The defendants moved before Judge Nott for a mistrial and their motion was denied on March 8, 1935. The defendants also applied to the Supreme Court for a writ of prohibition on the ground that Judge Nott was without power to entertain a motion for a new trial and that they could not be sentenced as they had been deprived by the death of Judge Corrigan of the right to make a motion for a new trial. The application for the writ of prohibition was denied. On the 13th day of March, the day of judgment, defendants moved for a new trial before Judge Nott. Thereafter, the motion was denied and, on March 21, 1935, the defendants were sentenced.

The only question presented on this appeal is whether a defendant in a criminal case is entitled as a matter of law to a new trial where the trial judge dies after the return of a verdict of guilty and before passing on a motion for a new trial.

It is conceded by counsel that a court has no inherent power to grant a new trial in a criminal case and that its

sole authority for granting a new trial must be found in some statute. (*People* v. *Schmidt*, 216 N. Y. 324, 328.) It follows that the authority of Judge NOTT, presiding in Part II, to entertain a motion for a new trial must now be found in the Code of Criminal Procedure, which contains all of the statutory law on the subject.

There was no power in the Court of Oyer and Terminer prior to 1876 to grant a new trial in criminal cases. (*Appo* v. *People*, 20 N. Y. 531.) In that year chapter 295 of the laws was enacted, which provided: " The presiding justice or judge of any court of oyer and terminer held in this State, shall possess the power to grant a new trial on motion of the prisoner after conviction before or after sentence, on exceptions taken on the trial, or on the ground of newly discovered evidence."

While the Court of Oyer and Terminer prior to the enactment of that statute was without jurisdiction to grant such a motion, the Courts of Sessions possessed that power, as chapter 339, section 4, of the Laws of 1859 expressly granted that power to such courts. By chapter 442 of the Laws of 1881 the Code of Criminal Procedure was adopted. The purpose of adopting that Code was to embody in one statute the whole system of criminal practice to govern all criminal cases in all of the courts of the State. (*People* v. *Hovey*, 92 N. Y. 554, 558.) Section 22, subdivision 7, of the Code grants jurisdiction to the Supreme Court " to grant new trials in all cases tried therein."

Section 39, subdivision 14, of the Code grants the same jurisdiction to County Courts, and section 51, subdivision 2, grants to the Court of General Sessions of the County of New York the same jurisdiction as is granted to County Courts in other counties, thereby giving the Court of General Sessions the power " to grant new trials in all cases tried therein."

It thus appears that the Supreme Court, County Courts and the Court of General Sessions have the right

and power to grant motions for a new trial. Section 463 of the Code provides: "A new trial can be granted by the court in which the former trial was had, only in the cases provided in section 465."

Section 465 provides: "The court in which a trial has been had upon an issue of fact has power to grant a new trial, when a verdict has been rendered against the defendant, by which his substantial rights have been prejudiced, upon his application " in the cases therein enumerated.

Section 466 provides that the application for a new trial must be made before judgment, except an application for a new trial on the ground of newly-discovered evidence and except in cases of sentence of death. It will be observed that in all the sections granting this power the language used is by " the court."

The appellants contend that the words by " the court " mean by the judge who presided at the trial. They find some support for that argument in certain expressions used in the opinions in the following cases: *Sawyer* v. *People* (27 Hun, 286); *People* v. *Seidenshner* (152 N. Y. Supp. 595); *People* v. *Spiegel* (267 N. Y. Supp. 512).

The People contend that the words by " the court " and " the court in which the former trial was had " refer to the tribunal before which a defendant was tried and do not refer to the individual judge who presided at the trial. It is conceded that the death of a judge presiding at a trial does not prevent any judge of the court in which the trial was held from imposing sentence. (*People* v. *Bork*, 96 N. Y. 188.)

The distinction between the words " the court " and " the judge " needs no elucidation. That the Legislature thoroughly understood the distinction is illustrated by section 549, Civil Practice Act, which provides: " The judge, presiding at a trial by a jury, in his discretion, may entertain a motion, made upon his minutes, at the same term, to set aside the verdict * * *."

It must be presumed, therefore, that the Legislature, when, in the various provisions of the Code of Criminal

Procedure referred to, used the words by " the court " and " court in which the former trial was had," thoroughly understood that those words did not mean the judge who presided in a court at a particular term. ˙ Should the contention of the appellants prevail and it be decided that a conviction must be set aside whenever the judge before whom the trial was held dies before entertaining a motion for a new trial, the result would be most unfortunate. Section 466 gives the right to make a motion for a new trial under subdivision 7 of section 465 at any time within one year from the date of imposing sentence. Under appellants' construction of the statute, should a trial judge die any time during that one year, a defendant who had been sentenced could make a motion for a new trial which would have to be granted.

As to each defendant the judgments should be affirmed.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgments affirmed.