THE PEOPLE OF THE STATE OF NEW YORK ex rel. PHILIP B. KOHUT, Respondent, *v.* HENRY K. HENDRICKSON, Sheriff of the County of Nassau, New York.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS MOORE, Respondent, *v.* HENRY K. HENDRICKSON, Sheriff of the County of Nassau, New York.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS McGOWAN, Respondent, *v.* HENRY K. HENDRICKSON, Sheriff of the County of Nassau, New York.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Second Department, February 5, 1937.

*Philip Huntington, Assistant District Attorney [Martin W. Little-ton, District Attorney, with him on the brief], for the appellant in each proceeding.*

*Jerome M. Hirsch, for the relators-respondents Philip B. Kohut and Thomas Moore.*

*Jerome M. Hirsch [Charles C. Clark with him on the brief], for the relator-respondent Thomas McGowan.*

JOHNSTON, J. These appeals involve the construction of section 57 of the Code of Criminal Procedure.

The facts are as follows: Relators are police officers of the city of Long Beach. On July 15, 1936, informations were lodged in the City Court of Long Beach charging each of the relators, as a public officer, with willful negligence and omission to perform a duty enjoined upon him by law, in that he permitted the maintenance and operation of a certain gambling house within the city. Such negligence and omission are misdemeanors. (Penal Law, §§ 1841 and 1857.) On July 21, 1936, relators pleaded not guilty and were released in the custody of their counsel, and their trial set for July 27, 1936. On July 22, 1936, the county judge, upon the *ex parte* application of the district attorney, made separate orders certifying that it is reasonable that the charge against each relator be prosecuted by indictment, and directed the district attorney to present the charge to the grand jury. In his moving affidavit the district attorney set forth that the existence and operation of the gambling house were matters of common knowledge; that in view of the public positions of the relators, their long residence in the city, their close contact with the court, and the general publicity concerning the raid, a situation existed in Long Beach which may " affect the impartial administration of justice," and that " exceptional and important questions are involved which justify a trial by indictment in a court of record." The nature of the alleged exceptional and important questions is not disclosed. On July 24, 1936, relators, upon notice, applied to the county judge to vacate the orders. The motions were denied. On the same day relators were indicted and arrested, charged with the same crimes alleged in the informations. They obtained writs of habeas corpus, claiming

the orders of the county judge certifying that the charge be prosecuted by indictment, and the indictments, were invalid. The Special Term held that the City Court of the city of Long Beach has exclusive jurisdiction of misdemeanors committed within the city, and that, under the Code of Criminal Procedure (§§ 57 and 58), the City Court may be divested of jurisdiction and the case prosecuted by indictment only upon application of the accused. Orders were entered sustaining the writs and discharging the relators, and the People appeal. Section 57 of the Code of Criminal Procedure provides:

" Exclusive jurisdiction. Upon filing with the magistrate, before whom is pending a charge for any of the crimes specified in section fifty-six, a certificate of the county judge of the county, or of any justice of the Supreme Court, that it is reasonable that such charge be prosecuted by indictment, and fixing the sum in which the defendant shall give bail to appear before the grand jury; and upon the defendant giving bail, as specified in the certificate, all proceedings before the magistrate shall be stayed; and he shall, within five days thereafter, make a return to the district attorney of the county of all proceedings had before him upon the charge, together with such certificate and the undertaking given by the defendant thereon; and the district attorney shall present such charge to the grand jury; provided, however, that no such certificate shall be given except upon at least three days' notice to the complainant or to the district attorney of the county of the time and place for the application therefor."

While the principal question presented is whether, under the statute, the certificate may be granted on the application of the district attorney, it is necessary first to consider whether the City Court of Long Beach has exclusive jurisdiction of the misdemeanors with which relators are charged. This requires a review of the statutes.

Section 57 of the Code of Criminal Procedure is expressly limited to a " charge for any of the crimes specified in section fifty-six." The latter section enumerates some forty-odd misdemeanors. With respect to such offenses it provides that, " Subject to the power of removal provided for in this chapter," and " except in the city and county of New York and the city of Albany," Courts of Special Sessions in the first instance shall have exclusive jurisdiction to hear and determine charges of misdemeanors committed within their respective counties. Courts of Special Sessions, unless provision is otherwise made by law, are held by a justice of the peace of a town or city (Code Crim. Proc. § 62) or a police justice of a village (Village Law, § 182).

The offenses of which relators are accused, namely, willful neglect and omission in the performance of their duty, are not included among the crimes specified in section 56. Therefore, under the last-mentioned statute, a Court of Special Sessions has not jurisdiction of such offenses although such jurisdiction is conferred not only on Courts of Special Sessions but on the City Court of Long Beach by other statutes, to which I will presently refer.

A justice of the peace of a town has only such jurisdiction as is conferred by law (Town Law, § 31), and his criminal jurisdiction is defined by the Code of Criminal Procedure (§§ 56, 62). The criminal jurisdiction of a police justice of a village is prescribed by the Village Law (§ 182). Originally, a police justice of a village was authorized to hold a Court of Special Sessions and had exclusive jurisdiction to hear, try and determine charges of a misdemeanor " committed within such village and triable by a court of special sessions;" but by chapter 650 of the Laws of 1927 the Village Law was amended to give a police justice of a village " exclusive jurisdiction to hear, try and determine charges of *any* misdemeanor committed within such village." In other words, the jurisdiction of a police justice of a village, holding a Court of Special Sessions, no longer is confined to the specific misdemeanors enumerated in section 56. (*People* v. *Monahan*, 257 N. Y. 388; *People* v. *Kraft*, 229 App. Div. 281.)

Prior to 1932, the Charter of the City of Long Beach (§ 186)* declared that the City Court shall, except as otherwise provided, have the same jurisdiction " as a justice of the peace of a town and his court." By chapter 270 of the Laws of 1932 the charter was amended to provide that the City Court shall have the same civil and criminal jurisdiction as a justice of the peace of a town and his court, and a police justice of a village and his court, and the city of Long Beach shall be regarded as a town or as a village for the purpose of applying a statutory provision referring to either of them. This amendment was designed to meet the decision in *People* v. *Merson* (142 Misc. 342), where it was held that as Long Beach ceased to be a village and became a city in 1922, the amendment to the Village Law (Laws of 1927, chap. 650), giving a police justice of a village jurisdiction to hear, try and determine *any* misdemeanor, did not enlarge the jurisdiction of its City Court.

The net result of these statutes is to vest in the City Court of Long Beach the same jurisdiction as is vested both in the justice of the peace of a town and his court and a police justice of a village and his court. It follows, therefore, as a police justice of a village has exclusive jurisdiction of *any* misdemeanor, subject only to the right of removal as prescribed in the Code of Criminal Procedure, that the City Court of Long Beach likewise has such jurisdiction.

* See Laws of 1922, chap. 635, § 186.— [REP.

Hence it has exclusive jurisdiction of the misdemeanors with which relators are charged, subject only to removal under section 57 of the Code.

The remaining question is: May the certificate directing that the charge be prosecuted by indictment be granted on the application of the district attorney? We think not. We believe the right to remove a charge from an inferior to a superior court, where it may be prosecuted by indictment, exists solely for the benefit of the defendant.

The provisions of the Code of Criminal Procedure clearly indicate such was the intention of the Legislature. The judge or justice removing the charge must not only certify that it is reasonable that the charge be prosecuted by indictment, but must also fix the sum in which the defendant shall give bail to appear before the grand jury, and upon the defendant furnishing such bail the proceedings in the inferior court are stayed (§ 57). The certificates may not be made " except upon at least three days' notice to the complainant or to the district attorney " (§ 57). When a defendant is brought before a magistrate and asks that his case be presented to the grand jury, the proceedings must be adjourned for not less than five nor more than ten days to give *him* an opportunity to apply for such certificate; and it is the duty of the magistrate to inform *him* of his right so to do (§ 58). It is further provided that a Court of Special Sessions having jurisdiction of the crime charged, upon conviction of the defendant, may impose the punishment prescribed therefor " unless the defendant obtains the certificate and gives the bail mentioned in section fifty-seven " (§ 59).

It will be observed that every provision of the Code contemplates the defendant making the application for the certificate. There is no reference to the district attorney's right to do so. Moreover, in every case (except *People* v. *Bartela*, 150 Misc. 168) construing the Code provisions the court was considering the defendant's right to apply for this certificate. (*People* v. *McGann*, 43 Hun, 55; *People* v. *Cowie*, 88 id. 498; *People* v. *Freileweh*, 11 App. Div. 409; *People* v. *Barry*, 16 id. 462; *People* v. *Kuzniski*, 179 N. Y. Supp. 739, not officially reported.) In *People* v. *Bartela* (*supra*), cited by appellants the learned justice refused to vacate a certificate granted by him upon the application of the district attorney. The court held that, even though the statute does not authorize the granting of the certificate at the instance of the district attorney, " inasmuch as the district attorney is not precluded by statute from making such an application upon his own initiative that as the representative of the People he has the right to do so." We do not subscribe to the reasoning and disagree with the conclusion of the learned

justice. The Code of Criminal Procedure embodies the whole system of criminal practice and governs all criminal cases in all courts of the State (*People* v. *Rao*, 271 N. Y. 98, 101); and unless authority for an order in a criminal case is found in the Code, it does not exist. (*People ex rel. Hirschberg* v. *Orange County Court*, 271 N. Y. 151, 155.)

Nor is *People* v. *Knatt* (156 N. Y. 302), relied upon by appellants, an authority for the proposition that the application may be made by the district attorney. The sole question there presented was whether the offense for which the defendant was indicted was a felony of which the Court of Oyer and Terminer had jurisdiction, no certificate having been procured under section 57, or a misdemeanor triable exclusively in the Court of Special Sessions under the provisions of section 56 of the Code. The statement in the opinion of Judge O'BRIEN that no certificate was procured by the district attorney is dictum.

Nor is our decision in *People ex rel. Seaman* v. *Hendrickson* (245 App. Div. 838) in conflict with the views here expressed. There the relator was accused of a misdemeanor which the police justice of the village in the first instance had exclusive jurisdiction to hear and determine. Before any charge had been made against the relator in the Police Court, a justice of the Supreme Court, upon the *ex parte* application of the district attorney, certified that the charge be prosecuted by indictment. The relator was indicted and thereupon procured a writ of habeas corpus. We affirmed the order sustaining the writ on the ground that under sections 57 and 58 of the Code, in the absence of a pending charge in the local court, the Supreme Court had no authority to certify that the charge against the relator be prosecuted by indictment. We did not pass upon the district attorney's right to apply for the certificate of removal.

Appellants also urge that, independent of statute, the county judge as well as a justice of the Supreme Court has inherent power to grant the certificate. This contention is without merit. Whatever the inherent power of a justice of the Supreme Court to grant the certificate may be — and we do not pass upon that question — the powers of the county judge are purely statutory. Unless the statute gives the county judge authority to make an order, it does not exist.

The Constitution (Art. VI, § 18) provides that Courts of Special Sessions and inferior local courts of similar character shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law.

The Legislature has given the City Court of Long Beach exclusive

jurisdiction of the misdemeanors with which relators are charged, unless a certificate of removal is granted pursuant to section 57 of the Code. To hold that the county judge has inherent power to grant the certificate would divest the City Court of the exclusive jurisdiction which the Legislature conferred upon it.

The orders sustaining the writs of habeas corpus and directing the relators' discharge should be affirmed.

Present — LAZANSKY, P. J., CARSWELL, JOHNSTON, ADEL and CLOSE, JJ.

Orders sustaining writs of habeas corpus and directing the relators' discharge unanimously affirmed.