THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALTON HICKOX, Defendant.

County Court, Madison County, March 10, 1939.

*R. D. Woolsey, District Attorney,* for the plaintiff.

*Howard Zeller,* for the defendant.

CAMPBELL, J. This is a motion to dismiss one count of the indictment found against the defendant by the grand jury of this county. He stands indicted for the alleged crime of driving while intoxicated in violation of article 5, section 70, subdivision 5, of the Vehicle and Traffic Law of the State of New York, and in the second count with reckless driving as defined in section 58 of the Vehicle and Traffic Law.

The defendant was originally arrested and arraigned in a Court of Special Sessions before L. E. Dougherty, justice of the peace of the town of Eaton. The information under which a warrant was issued and the defendant thereafter arrested provided as follows: " That one Alton E. Hickox, on the 15th day of Oct., 1938, at the Public Highway in the Town of Eaton, County of Madison, N. Y., at about 11:30 o'clock in the afternoon of said day, did commit the crime of Driving While Intoxicated in violation of Article 5 Section 70 Paragraph 5 of the V & T Law of the State of New York by wrongfully, unlawfully, willfully, corruptly did operate a Chevrolet Coupe License 4P-16-14 while in an intoxicated condition and was reckless and did strike the cannon plot in the Village of Morrisville which resulted in the personal injury of a passenger in the car, and did stagger and did talk with a thickness of speech and did admit having four liquors and a beer and was pronounced drunk by Dr. Chase of Morrisville, N. Y."

After the defendant was arrested and brought before the Court of Special Sessions, a certificate was obtained from the county judge removing the said charge to the Supreme Court.

It is now the contention of the defendant that the only crime with which he was charged in the lower court was driving while intoxicated and not with reckless driving, and that only the first charge was removed to the Supreme Court and consequently, the grand jury did not have jurisdiction to indict for reckless driving.

Section 57 of the Code of Criminal Procedure provides as follows: " Upon filing with the magistrate, before whom is pending a *charge*

for any of the crimes specified in section fifty-six, a certificate of the county judge of the county, or of any justice of the Supreme Court, that it is reasonable that *such charge* be prosecuted by indictment, and fixing the sum in which the defendant shall give bail to appear before the grand jury; and upon the defendant giving bail, as specified in the certificate, all proceedings before the magistrate shall be stayed; and he shall, within five days thereafter, make a return to the district attorney of the county of all proceedings had before him upon the *charge*, together with such certificate and the undertaking given by the defendant thereon; and the district attorney shall present *such charge* to the grand jury; provided, however, that no such certificate shall be given except upon at least three days' notice to the complainant or to the district attorney of the county of the time and place for the application therefor." (See *People ex rel. Seaman* v. *Hendrickson*, 245 App. Div. 838.)

The question resolves itself as to whether or not the defendant was charged with reckless driving in the information before the justice of the peace.

It is the contention of the district attorney that since the information contained the word " reckless " it was sufficient for the grand jury to find the indictment. In the court below the defendant plead not guilty to the charge of driving while intoxicated, the only charge to which he was required to plead.

The certificate removing the matter to the Supreme Court recited in the preamble that defendant was accused of driving while intoxicated but did not mention the offense of reckless driving.

A bond was thereafter given by the defendant to appear before the grand jury to answer only to the alleged crime of driving while intoxicated and the warrant under which he was arrested accused him of driving while intoxicated and that was the only crime alleged.

The word " charge " as used in section 57 of the Code of Criminal Procedure is synonymous with " accused " or " arraigned."

Reading of this information and all the papers in the matter it does not appear that defendant was ever accused or arraigned in the lower court for the crime of reckless driving.

Section 279 of the Code of Criminal Procedure provides for separate counts in the information or indictment if the defendant is indicted for two or more crimes under the same indictment.

We believe that the word " reckless " was used in the sense of evidence of defendant's intoxication as descriptive thereof. If the information contained a statement that the cannon plot which defendant struck with his automobile had been damaged, it would

be just as reasonable to argue that he could be indicted for malicious mischief.

From all the proceedings and documents now before the court, we must conclude that there was no intention to charge him with the crime of reckless driving as defined in section 58 of the Vehicle and Traffic Law of the State of New York and that he was not so charged. Hence, reckless driving is not such a charge as may be prosecuted by indictment unless it is removed to the Supreme Court by the certificate of the county judge. We must hold that the grand jury is without jurisdiction to indict for this alleged offense. (Code Crim. Proc. § 22, subd. 1; *People* v. *Kraft*, 229 App. Div. 281; *People* v. *Monahan*, 257 N. Y. 388, 390.)

If the defendant has committed the crime of reckless driving jurisdiction is still in the Court of Special Sessions as no charge was removed to Supreme Court by the certificate of the county judge.

Consequently, the second count of the indictment, charging the defendant with reckless driving, must be dismissed.