J. Robert Lynch, J.
The defendant moves alternatively to inspect the Grand Jury minutes of the testimony on which the indictment was found against him or to dismiss the indictment on the ground the Grand Jury was without jurisdiction to find it.
On June 10,1960 the defendant was charged before Justice of the Peace Chappell of the Town of Kirkland, Oneida County, with public intoxication and driving while intoxicated. The incident giving rise to the charges occurred in the Town of New Hartford.
The sequence of events following is given in the defendant’s moving affidavit: that Justice of the Peace Chappell released the defendant on $60 bail, then forwarded the bail and “ referred ” the cases to Justice of the Peace Townsend of the Town of New Hartford; that Judge Townsend in turn “ referred ” the cases to Justice of the Peace Lutz also of New Hartford ,• that Judge Lutz 1 ‘ refused to accept jurisdiction of the cases The reasons why the Justices of the Peace gave these cases such a shuttlecock treatment is not apparent and the court is left only with the knowledge that they finally came to rest, along with the bail, in front of Justice of the Peace Townsend.
Comes now the complication. While these charges were pending before Judge Townsend, the defendant was arraigned on July 9, 1960 in front of Justice of the Peace Lutz on identical charges arising out of the same incident, but on new papers. On defendant’s application the proceedings before Judge Lutz were transferred to the Grand Jury. The Grand Jury has now returned an indictment charging the defendant with driving-while intoxicated. Consequently the defendant is faced with two charges for the same occurrence, one, by the Grand Jury indictment and two, by the information in front of Justice of the Peace Townsend. Since he cannot be tried on both, obviously one cannot be sustained as valid. We are thus faced with the question whether the Grand Jury had jurisdiction to act and, if it did have jurisdiction, whether its action by indictment supersedes the charge before Judge Townsend.
Section 56 of the Code of Criminal Procedure gives to Courts of Special Sessions exclusive jurisdiction to hear these charges “in the first instance ”. “ These words are words of limitation indicating an intent that exclusive jurisdiction may only *967 exist where no other proceeding in the same case is pending” (People v. Steppello, 235 App. Div. 240, 242). Thus Justice of the Peace Lutz could acquire no jurisdiction of these charges with the same charges pending before Justice of the Peace Townsend. Nor could the defendant’s application to remove the charges before Judge Lutz to the Grand Jury give jurisdiction because jurisdiction cannot be conferred by consent (People ex rel. De Lesandro v. Hover, 101 Misc. 646).
Accusations not rooted in jurisdiction are not ‘ ‘ charges pending” which may be removed to the Grand Jury under section 57 of the Code of Criminal Procedure. They are not charges at all. As a consequence the Grand Jury could not obtain jurisdiction of them under an attempted removal procedure (People ex rel. Seaman v. Hendrickson, 245 App. Div. 838). The indictment must therefore be dismissed.