Liston F. Coon, J.
Defendant appeals from a judgment of conviction, entered upon Ms plea of guilty to a charge of violating section 1298 of the Penal Law, petit larceny, in Justice of the Peace Court, Town of Drx, Schuyler County, before Jay Sanford, Justice, on August 25, 1961.
Defendant lists in his affidavit of errors the three following allegations of error in the court below:
1. The court failed to advise defendant of Ms right to a trial by a jury or a trial by the court.
2. The court failed to advise defendant of Ms right to an adjournment for the purpose of seeMng a certificate to have the case presented to the Grand Jury.
3. The court failed to advise deponent of all his constitutional rights as required by law.
Section 699 of the Code of Criminal Procedure prescribes the duty of a Magistrate upon the arraignment of a defendant on a criminal charge. It states that upon arraignment the Magistrate must immediately inform the defendant of the charge against him and of his right to counsel at every stage of the proceeding. Further, the defendant is entitled to an adjournment for the purpose of procuring counsel, if he desires.
The return of the Justice shows that the required procedure was followed and states as follows: “ the charge was read to him and his right to the aid of counsel before any proceedings further are had, and an adjournment for a reasonable time to procure counsel if he so desired the defendant was so informed before he was asked to plead”.
The return further shows that the defendant stated he could not afford counsel and thereupon pleaded guilty.
The return of a Magistrate is presumed to be regular on its face and where no move is made against the return, the County Court is without power to discredit the return as filed. (People v. Mason, 307 N. Y. 570.)
Defendant further alleges that the court erred in that the Magistrate failed to advise the defendant of his right to trial by jury or trial by the court.
*74 Section 211 of the Code of Criminal Procedure sets forth the situation where the magistrate must ask the defendant how he will be tried. This requirement covers those crimes set forth in subdivision 38 of section 56 of the Code of Criminal Procedure. This subdivision makes cross reference to section 211 but states in plain language that it applies to ‘ ‘ any misdemeanor not included in the foregoing subdivisions of this section ’ ’.
Petit larceny is a misdemeanor specified in subdivision 1 of section 56 and, therefore, is not covered by subdivision 38 or section 211.
It was long ago held in this State that it is not necessary to render valid a conviction in the Court of Special Sessions that the court should inform the defendant of his right to be tried by a jury. (People v. Goodwin, 5 Wend. 251.)
Defendant’s final allegation of error involves the right of the defendant to be advised of his right to seek a certificate of the County Court that it is reasonable that the charge against him be prosecuted by indictment.
Sections 57 and 58 of the Code of Criminal Procedure gives the procedure whereby a certificate may be sought but states that such procedure comes into play when the defendant asks that his case be presented to the Grand Jury. The issue then is whether the Magistrate must advise the defendant of this possible procedure.
The courts have held in this State that the right conferred by sections 57 and 58 is a substantial one and if the defendant pleads not guilty or stands trial, it is prejudicial error not to advise him of this procedure. (People v. Freileweh, 11 App. Div. 409.)
In this case, however, the defendant Bedient entered a plea of guilty to the charge. Where the defendant pleads guilty and does not go to trial the statutory language is deemed directory only and it is not error to omit the warning. (People v. Loomis, 65 Misc. 156.)
Nor is there any evidence that the failure to advise the defendant of the procedure was willful on the part of the Justice. (People v. Parker, 69 Hun 130.)
While this court deems it advisable in the interest of the orderly administration of justice that a defendant be advised, in all misdemeanor cases, that he may have a jury trial, and that he may seek a certificate of removal, it cannot say, as a matter of law, that the Justice of the Peace erred in this case.
The appeal is dismissed and judgment of conviction affirmed.