degree, and a plea entered to the reduced charge. Upon his later application for a writ of error *coram nobis* upon the ground chiefly that at the time of the commission of the crime he was mentally incapable of understanding the nature thereof, a hearing was denied. Under the unusual circumstances revealed herein, a hearing under the alternative prayer for relief sought should have been granted. This proceeding should be remitted to the County Court of Chautauqua County to take proof upon the issues raised. (Appeal from order of Chautauqua County Court denying a motion to dismiss the indictment and to vacate a judgment of conviction for manslaughter, first degree, entered February 6, 1959.) Present — Bastow, J. P., Goldman, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. W. ROGER PRATT, Respondent.— Order of November 9, 1960 unanimously reversed, motion denied, and indictment reinstated. Appeal from order of August 17, 1961 dismissed as academic. Memorandum: Upon motion of defendant-respondent the charge against him pending in the court of the Justice of Peace for driving while in an intoxicated condition was ordered to be prosecuted by indictment. Thereafter the Grand Jury indicted defendant for violation of subdivision 5 of section 70 of the Vehicle and Traffic Law. Defendant then moved to dismiss the indictment upon the ground that the Grand Jury was without jurisdiction and Special Term granted his motion and dismissed the indictment. Section 59 of the Code of Criminal Procedure specifically provides that a Court of Special Sessions loses its jurisdiction if before trial a Grand Jury shall present an indictment for the same offense. The validity of the indictment cannot now be challenged by reason of any alleged jurisdiction in the Justice of Peace Court (*People ex rel. Hirschberg* v. *Close*, 1 N Y 2d 258, 261). Any proceeding in that court has been superseded by the indictment and it was error to have dismissed it. (Appeal by People from order of Oneida Special Term dismissing the indictment charging defendant with the crime of operating a motor vehicle while in an intoxicated condition. Appeal by People from order denying leave to People to reargue the motion previously granted.) Present — Bastow, J. P., Goldman, McClusky and Henry, JJ. [26 Misc 2d 965.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VERNAL FREDERICK SEYMOUR, Appellant.— Judgment of conviction unanimously affirmed. (Appeal from judgment of Jefferson County Court convicting defendant of assault, second degree, and resisting a public officer.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VERNAL FREDERICK SEYMOUR, Appellant.— Orders unanimously affirmed. (Appeal from two orders of Jefferson County Court denying motions to vacate a judgment of conviction entered January 17, 1961 for assault second degree and violation of section 1851 of the Penal Law — resisting a public officer. The second order denied a motion for reconsideration of the motion denied by the first order.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ RACHEL ANANIA, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 37299.) — Judgment unanimously reversed on the law and facts and a new trial granted, without costs of this appeal to either party. Memorandum: The evidence of value is unsatisfactory and that question should be further explored. (Appeal from judgment of Court of Claims for claimant on a claim for damages for permanent appropriation of realty.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ KOSTANTIN MATICHAK, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 37725.) — Same decision and like cause of action as in *Anania* v. *State of New York* (17 A D 2d 904).